Court of Criminal Appeals
Capitol Station
P.O. Box 12308
Austin, Tx 78711

December 28, 2014                77,138-23

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 14 2015

Abel Acosta, Clerk

RE: Motion for Mandamus

Dear Court of Criminal Appeals,

I know that this court don't care that this BLACK MAN is siting in prison illegally, and as a innocent BLACK MAN! But I am writing this letter to check the status on my motion for Mandamus because the motion for new trial was GRANTED on January 5, 2011, from cause Nos. F10-01184, F10-01183 & F08-60213, and Dallas County and their crooked and corrupted court officials/officers purposely failed to inform me that the Motion for New Trial was GRANTED! I could've been free four years ago, because I would've posted bail on January 6, 2011! Sure you don't care that a BLACK MAN was forced illegally into a trial on 12/14/2010, and illegally convicted on 12/17/2010, for two sex offenses that he was never once arrested for, never once arraigned for, and that he never even ~~committed~~! My family will contact 20/20, Date Line, 60 minutes, and every single media coverage in this country and inform them about these illegal convictions from cause Nos. F10-01183 and F10-01184.

Even though you are going to dismiss and/or deny my writ of Mandamus, again, I am requesting to know what the status of it is?

Also, on December 17, 2014, I mailed off on 11.07 writ of Habeas Corpus for an out of time appeal. Dallas County destroys or loses material that I mail to them, and/ or they never respond.

Sincerely,

Senrick Wilkerson

SENRICK WILKERSON 1885146
Ramsey I Unit
1100 FM 655 7E-2-17T
Rosharon, TX 77583

c/c

December 23, 2014

GARY FITZSIMMONS
District Clerk
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB 12
Dallas, Texas 75207

RE: The GRANTED Motion for New Trial, From Cause Nos. F08-60213, F10-01183 & F10-01184

Dear District Clerk,

As you know, on 12/17/2010, defense counsel Calvin D. Johnson signed and filed a motion for new trial after I was illegally convicted, where I was never arrested and never arraigned for cause Nos. F10-01183 & F10-01184. On January 5, 2011, that motion for new trial was GRANTED, and I sat illegally in Dallas County Jail for 34 months and Dallas County Court officers purposely failed to inform me that a new trial was GRANTED on Jan. 5, 2011. The Appeals lawyer, Lori Ordway purposely failed to inform me that the new trial was GRANTED, and I just received a copy of the Clerk's record in June of 2014.

In any event, I have filed several motions to CDC No. 3, and I am constantly ignored. The law states that the Court of Appeal's does not have any jurisdiction over cases when a new trial is GRANTED, I have filed several motions to be 'Bench Warrant', etc, etc., and the courts continue to ignore me. I have requested a copy of the DPS Arrest Records for cause Nos. F10-01183 & F10-01184 for the past four (4) years, and the entire State of Texas will no respond to me, and my family is also unsuccessful. I have filed a motion for Mandamus with the Court of Appeals in Austin, and I am forwarding a copy of this letter to them. Also, I will make another request that this Court to forward me a copy of the DPS Arrest Records, the DISCOVERY, the written 'complaints', a copy of the probable cause statements, the sworn arrest affidavits, and a copy of the First preliminary initial appearance sheets for cause Nos. F10-01183 & F10-01184, which is required by Texas law. See Article 15.17 Code Crim. Proc. I'm sure that you will continue to ignore me, as you have done for four (4) illegal years.

Sincerely,

SENRICK WILKERSON
TDCJ NO. 1885146

EX PARTE.

SENRICK WILKERSON

IN THE CRIMINAL COURT
OF APPEALS
IN AUSTIN

## PETITIONER'S AMENDED WRIT OF MANDAMUS

TO THE HONORABLE JUDGES OF THE COURTS:

COMES NOW, Senrick Wilkerson, the petitioner in the above and styled causes and request this court to allow this writ of Mandamus to be included with the original application for writ of mandamus that was received by this court on 12/11/2014.

The Petitioner is requesting that this court to ORDER, DEMAND the Dallas County District Clerk to answer the following questions for cause Nos. F10-01183 & F10-01184:

1. The Judicial Information & Criminal History Records shows: Arrest Date, Verdict Date, and Sentence Dated as 12/17/2010. Please explain how the Petitioner was arrested, and sentenced on the same day? How was Petitioner arrested on 12/17/2010 for these sex cases, when the illegal trial began on 12/14/2010?

2. The capias arrest warrants were dismissed and issued, on 11/29/2010. If the capias warrants were issued and dismissed on 11/29/2010, then why are the warrants showing an arrest date as Dec. 23, 2010? How was Petitioner arrested on Dec. 23, 2010, when the illegal trial began on 12/14/2010?

3. Petitioner was tricked into signing PR bonds on 12/3/2010, that were pre-signed by Judge Gracie G. Lewis while never in any custody, never detained, and never once arrested for them. The AIS bond information shows a posted date as 2/24/2011. The Dallas County Sheriff's bond section shows "PR" bond receipts with a posted date as 2/24/2011. Where are the PR bonds that Petitioner signed for 2/24/2011? What Magistrate Judge granted these PR bonds, and when was Petitioner released because he has been illegally incarcerated since 12/17/2010, why were the PR bonds from 12/3/2010 never finger-printed?

4. Why was Petitioner never Arraigned for both sex offenses? Why was Petitioner never arrested for these cases?

5. Why is Magistrate Judge Jeff Kaplan lying and saying that Petitioner was arrested for these sex cases in September of 2010? See Case No. 3:11-CV-00659-B, page ID 53. What specific day in September of 2010?

6. Since Dallas County is showing three (3) different arrest dates for both sex cases, what are the names and badge numbers of the arresting officers? Where are the DPS Arrest Records? What was the original bond amounts for both cases?

7. On 11/29/2010 the State issued a capias arrest warrant for FO8-60213 Compelling prostitution for bond forfeiture. Petitioner call Gia with G&G bond company, and Gia had no idea of such. Where are the bond receipts for the bond forfeiture?

8. On 12/17/2010, defense counsel Calvin D. Johnson signed and filed the motion for new trial, and on January 5, 2011 the motion for new trial was GRANTED. Why did the District Clerk purposely fail to inform Petitioner that a new trial was GRANTED on January 5, 2011? On 7/11/2011 a judge wrote a message, stating that he didn't rule on the motion. Someone ruled GRANTED, so who forged that Judge's signature?

9. Why is Dallas County ignoring Petitioner's petitions, motions, and letters?

10. Where are the motions that defense counsel Calvin D. Johnson filed for both sex offenses?

10. If Petitioner is wrong, then why wont Dallas County allow him to speak in court in an evidentiary hearing?

Petitioner can submit a copy of the GRANTED motion for cause nos. FO8-60213, F10-01183 & F10-01184 upon request of this court. Petitioner just received a copy of the Clerk's record in June of 2014, which includes a copy of the GRANTED motion for new trial.

WHEREFORE, PREMISES CONSIDERED, the Petitioner prays that the Court of Criminal Appeals will ORDER, DEMAND that Dallas County District Clerk to answer all 10 questions, and forward them to Petitioner at the address below, and to accept this document to be included with Petitioner's Original writ of mandamus.

Respectfully submitted,

SENRICK WILKERSON [PRO SE]
TDCJ No. 1885146
Ramsey I Unit
1100 FM 655 TE-2-17T
Rosharon, TX 77583

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2014, the foregoing document has been U.S. mailed to: Court of Criminal Appeals, Capitol Station. P.O. Box 12308, Austin, TX 78711.

SENRICK WILKERSON

EX PARTE

SENRICK WILKERSON

IN THE CRIMINAL
COURT OF APPEALS
IN AUSTIN, TEXAS

## MOTION FOR BILL OF EXCEPTIONS

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW, Senrick Wilkerson, the Applicant in the above and styled numbered causes and files this Motion for Bill of Exceptions. In support of such motion Applicant will show the following:

I.

On 12/17/2010, Applicant was illegally convicted and sentenced for cause Nos. F08-60213, F10-01183 & F10-01184. Also, on 12/17/2010 Dallas County District Clerk received a motion for New Trial, that was filed and signed by malpracticed and ineffective defense counsel Calvin D. Johnson. On January 5, 2011, the motion for New Trial was GRANTED.

II.

On 11/22/2010, Dallas Police Department filed cause Nos. F10-01183 & F10-01184, and without any probable cause statements, no sworn arrest affidavits, and no signature of any magistrate judge the state issued the capias arrest warrants on 11/29/2010. Also, on 11/29/2010 the District Attorney dismissed the warrants, but they show an arrest date as Dec. 23, 2010.

The state never once entered a plea into the trial docket sheet for both cases above, when the Texas law states that a plea is a requisite for a proper trial. See Vernon's Ann. Code Crim. Proc. art. 518 & Fowler V. State, 230 S.W. 2d 810, 155 Tex. Crim. 35. A plea is necessary in every criminal case, and where none is entered trial is a nullity. See Willis V. State, 389 S.W. 2d 464.

Applicant was never once arrested and never once arraigned for both sex offenses above. There were never any first preliminary initial appearances for cause Nos. F10-01183 & F10-01184, as is required by the Texas law. See ART. 15.17 Code Crim. Proc. "Arraignment" is procedure to determine identity and plea of person charged, and not to be confused with first step in criminal trial, in which prosecuting attorney reads charging instrument to jury after jury is impaneled. See Vernon's Ann. Texas C.C.P. arts 26.02, 36.01(a), par. 2. See Exhibit J, which is a copy of the Trial Docket sheet for cause No. F10-01184 only, to avoid undue repetition. Cause No. F10-01183 shares the same exact information.

In any event, please refer to Exhibit J again, which is the Trial Docket sheet, there is absolutely nothing documented in the Date of Order, or the Order

Page 1 of 2

of Court. No plea was ever entered, which is an essential in every criminal case. If a plea is not entered, the trial is a nullity. See Huseman V. State, 17 S.W. 3d 704 & Peltier V. State, 626 S.W. 2d 30, 31 (Tex. Cr. App. 1981).

### III.

The Court of Appeals had no jurisdiction over cause Nos. F08-60213, F10-01183 & F10-01184 due to the fact that the Motion for New Trial was GRANTED on January 5, 2011. The State purposely failed to inform Applicant that a New Trial was GRANTED, as he illegally sat in Dallas County Jail for 34 months.

WHEREFORE, PREMISES CONSIDERED, the Applicant prays that this Court will stop showing prejudice against him, and GRANT an evidentiary hearing within (10) days upon receipt of this motion for Bill of Exceptions.

Respectfully submitted,

SENRICK WILKERSON 1885146
Ramsey I Unit
1100 FM 655 7E-2-17T
Rosharon, TX 77583

### CERTIFICATE OF SERVICE

I hereby by certify that on December 23, 2014, that the foregoing motion has been U.S. mailed to: Court of Criminal Appeals, P.O. Box 12308, Austin, Texas 78711.

SENRICK WILKERSON

Page 2 of 2

BAIL STATUS: UNAPP

ATTY. FOR STATE: GRONA-ROBB

NO. F10-01184-KJ

| STATE OF TEXAS | ATTORNEY | SEX A-Y CHILD | OFFENSE | DATE OF FILING |
|---|---|---|---|---|
| SENRICK SHERN WILKERSON | Calvin Johnson | | | 11/24/2010 |

| | ORDER OF COURT |
|---|---|

ST. 4.15.08

Sing DUI 36(04/2 That #

DATE OF ORDER

Case called for trial. Both sides announced ready. Jury selected, impaneled and sworn. Defendant arraigned. Indictment read, plea of not guilty. Before the jury. Evidence ___ to jury charged. Argument of counsel ___ jury verdict of guilty of a child

Punishment fixed by Court at ___ years confinement in the ___ of Corrections.

Susan Tabaee, C.S.R.
Official Court Reporter
Auxiliary Court No. 7
214-653-5965

12-14-10

12/7/10 Jose Sure Todas 428/550.00 80-7/101 28.01 A 2
Br. 12/7/10 - 12/7/10
09/07/08 + 9/08/08

12/7/10 DPH, Clerk were out, the works on 12/7/10 Paperwork received 12/7/10.

STATE'S EXHIBIT

PENGAD 800-631-6989